PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
(856) 757-5139
john.stinson@usdoj.gov
*Attorneys for United States*
(substituted for defendant "FCI Fort Dix")

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY RYAN,<br><br>    *Plaintiff,*<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant.* | Civil Action No. 23-20815<br><br>**NOTICE OF REMOVAL** |

To:    MELISSA E. RHOADS                    TIMOTHY RYAN
       Clerk of Court                       Reg. No. 14422-027
       United States District Court         FCI FORT DIX
       District of New Jersey               P.O. Box 2000
       4th & Market Streets                 Joint Base MDL, NJ 08640
       Camden, NJ 08101                     *Plaintiff Pro Se*

       CLERK
       Superior Court of New Jersey
       Law Division, Burlington County
       Special Civil Part, Small Claims
       49 Rancocas Road, Floor 4
       Mount Holly, NJ 08060

    PLEASE TAKE NOTICE that this action, previously pending in the Superior

Court of New Jersey, Law Division, Burlington County, Special Civil Part, Small

Claims, Docket No. BUR-SC-000715-23 (the "State Court Action"), is removed by the

named defendant "FCI Fort Dix" (an institution managed and administered by the

Federal Bureau of Prisons) to the United States District Court for the District of New Jersey, and the United States is substituted as the only proper party defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 1346(b)(1). The United States of America, by and through its undersigned attorneys, respectfully states the following in support of the removal of this matter:

1.  Plaintiff filed a Complaint in the State Court Action on August 22, 2023. *See* **Exhibit A**.

2.  Plaintiff named as defendant "FCI Fort Dix," which refers to a federal correctional institution located in New Jersey and managed by the Federal Bureau of Prisons ("BOP").

3.  Plaintiff has not served the United States or the BOP under Rule 4(i) of the Federal Rules of Civil Procedure. The United States reserves its right to contest service of process and personal jurisdiction.

4.  In addition to the complaint attached as an exhibit, a copy of additional process, pleadings, and orders from the Superior Court of New Jersey, Law Division, Burlington County, Special Civil Part, Small Claims for Docket No. BUR-SC-000715-23 are attached as **Exhibit B**.

5.  The Superior Court of New Jersey, Law Division, Burlington County, Special Civil Part, Small Claims issued a Trial Notice in the State Court Action setting trial for October 4, 2023. Ex. B.

6.  In the Complaint, Plaintiff alleges a tort claim. Specifically, Plaintiff alleges that he lost property because BOP staff failed to protect such property for him after relocating Plaintiff following an inmate assault. Ex. A. Plaintiff now seeks $900

in damages for his alleged lost property. *Id.* In his Complaint, Plaintiff admits that he submitted an administrative tort claim for his alleged losses. *Id.*

7.    Under 28 U.S.C. § 1442(a)(1), "[a] civil action . . . that is commenced in a State court and that is against" "any agency . . . of the United States" "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending[.]" Plaintiff's complaint is against the BOP, a federal agency. Ex. A. Thus, removal under § 1442(a)(1) is appropriate. *See, e.g., Golden v. N.J. Inst. of Tech.*, 934 F.3d 302, 309-10 (3d Cir. 2019) (discussing Section 1442(a)(1) requirements).

8.    Pursuant to 28 U.S.C. § 2679(a), Congress directed that the only manner in which a plaintiff may bring a tort claim against an agency of the United States is under the of the Federal Tort Claims Act ("FTCA").

9.    Under the FTCA, the United States District Courts have exclusive jurisdiction over tort actions filed against the United States. 28 U.S.C. § 1346(b)(1).

10.    Under the FTCA, the only proper defendant is the United States, not the federal agency. *See Dilg v. United States Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1985) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees. . . . Individual agencies of the United States may not be sued in their own name in such a case."). Therefore, the United States is substituted as the only proper party defendant under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b)(1).

11.    The United States' removal is timely under § 1446(b)(1) because the BOP received service of the Complaint on or about September 6, 2023.

12.    Pursuant to 28 U.S.C. § 1446(d), the United States will file this notice of removal in the State Court Action via the New Jersey Superior Court's electronic filing system (JEDS) and provide a courtesy copy to the judge previously presiding over the matter. *See* **Exhibit C** (letter to the Clerk of the Superior Court). Additionally, copies of this notice of removal will be served on Plaintiff via U.S. Mail.

THEREFORE, in accordance with 28 U.S.C. § 2679(a) and § 1442(a)(1), this action brought in the Superior Court of New Jersey, Law Division, Burlington County, Special Civil Part, Small Claims, Docket No. BUR-SC-000715-23, is hereby removed to the United States District Court for the District of New Jersey for further proceedings.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

Dated: September 29, 2023        By:    /s/ *John Stinson*
JOHN STINSON
Assistant U.S. Attorney
*Attorneys for United States*

4