**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY RYAN,<br><br>                   Plaintiff,<br><br>            v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Defendant. | Civil Action No. 23-20815 (KMW) (MJS)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

      This matter comes before the Court on Plaintiff Timothy Ryan's letter request seeking to have this matter remanded to state court. (ECF No. 3.) Also before the Court is the Government's opposition to remand.[1] (ECF No. 4.) By way of background, Plaintiff filed his complaint in the Special Civil Part of the Burlington County Superior Court on August 22, 2023. (ECF No. 1-1 at 2.) In his complaint, Plaintiff sought $900 in damages as recompense for the loss of his personal

---

[1] Although the Government was perfectly within its rights to file opposition to Plaintiff's remand request, the Government also sought to use the letter to ask the Court to screen the complaint pursuant to 28 U.S.C. § 1915A on a specific legal basis. This Court finds that the Government's "request" to have this Court screen the complaint to be, at best, dubious. In essence, the Government's letter regarding screening is an attempt at arguing that the complaint should be dismissed at the pleading stage on a particular basis. The proper mechanism for raising such an argument is not a letter to the Court regarding screening, but instead a motion to dismiss pursuant to Rule 12(b). Section 1915A provides only for *sua sponte* screening, it provides no separate mechanism where a party can *request* screening, such a request is an improper run around the requirements of a Rule 12(b) motion. In any event, as the party who removed this matter, the Government should have filed a responsive pleading rather than rely on screening. Although this Court will ultimately dismiss this matter for the reasons expressed below because requiring an additional motion filing would serve only to delay the inevitable, the Government should refrain from filing similar letter requests in the future in lieu of a motion to dismiss.

property during a prison transfer in September 2022. (*Id.* at 2-4.) In his complaint, Plaintiff acknowledged having previously filed a Federal Tort Claims Act claim with the Bureau of Prisons in October 2022 without success. (*Id.* at 2.) The Government removed that action to this Court on September 29, 2023. (ECF No. 1.)

Plaintiff filed his letter opposing removal and requesting remand on October 13, 2023. (ECF No. 3.) In his letter, Plaintiff requests that this Court remand this matter because his case concerns "only . . . lost property total[ling] less than $1000" and it would therefore be more appropriate for a small claims court to handle. (*Id.*) Plaintiff, however, provides no legal basis for his remand request, and relies solely on his sense of legal propriety. (*Id.*)

Where a plaintiff brings suit against the United States or one of its agencies in state court, the Government may remove that action to the appropriate district court pursuant to 28 U.S.C. § 1442(a)(1). So long as the defendant removing an action meets the statute's requirements a remand of a timely removal will not be appropriate. *See, e.g., Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811-12 (3d Cir. 2016). As Plaintiff has not argued or shown that removal here was untimely, and as both the Government itself and the Defendant Plaintiff named – the BOP – are clearly "The United States or any agency thereof" and thus meet the statute's requirements, remand is not appropriate in this matter, and Plaintiff's letter request is denied.

Because the removal request shall be denied and because Plaintiff is a federal prisoner who sought to sue a Government agency, this Court is required by 28 U.S.C. § 1915A to screen his complaint. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed

in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff seeks monetary redress for property lost during a prison transfer. The Supreme Court, however, has expressly held that sovereign immunity bars a suit for property

lost or damaged during a prison transfer. *See Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011) (explaining that the Supreme Court found suits for property lost during prison transfers barred in *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 226 (2008)). The United States, and thus its agencies in whose place the United States stands in Federal Tort Claims Act cases, is entitled to sovereign immunity for all such claims. *Johnson v. United States*, No. 16-622, 2016 WL 782937, at *2 (D.N.J. Feb. 29, 2016). Thus, while Plaintiff may pursue administrative remedies under the Federal Tort Claims Act regarding his lost or damaged property, he may not seek to vitiate his rights through a tort claim brought in state or federal court. *Id.* Defendant is thus clearly entitled to sovereign immunity and Plaintiff's suit is barred. *Ali*, 552 U.S. at 228; *Bowens*, 415 F. App'x at 343. Plaintiff's complaint (ECF No. 1-1) is therefore **DISMISSED WITH PREJUDICE**.

For the reasons expressed above, Plaintiff's remand request (ECF No. 3) is **DENIED** and Plaintiff's complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge