**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY RYAN,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Civil Action No. 23-20815 (KMW) (MJS)<br><br>**MEMORANDUM ORDER** |

**WILLIAMS, District Judge:**

    This matter comes before the Court on Plaintiff Timothy Ryan's reconsideration motion (ECF No. 8) which challenges the dismissal of his complaint. (ECF Nos. 5-6.) The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

In his complaint, Plaintiff sought monetary damages for property which was lost during a prison transfer. This Court dismissed that claim with prejudice as the Supreme Court has expressly held that 28 U.S.C. § 2680)(c) "forecloses lawsuits against the United States", which stands in the place of its agencies and employees in Federal Tort Claims Act cases, "for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers," a category which includes employees of the Federal Bureau of Prisons. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 (2008). As the seizing, mishandling, or loss of property during a prison transfer by BOP officials falls within this category, the statute bars suit under the FTCA for claims arising out of property lost during a prison transfer, such as those Plaintiff sought to bring. *Id.*; *see also Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011); *Johnson v. United States*, No. 16-622, 2016 WL 782937, at *2 (D.N.J. Feb. 29, 2016). Thus, this Court properly dismissed Plaintiff's suit as it was barred by the statute. Plaintiff's arguments to the contrary in his reconsideration motion are without merit in light of *Ali's* clear holding that the bar in § 2680(c) "sweeps as broadly as its language suggests" and completely bars suit in the context of property damaged or lost during prison transfers. *See Bowens*, 415 F. App'x at 343. Plaintiff has failed to show that this Court's ruling in any way committed a clear error of law or fact or caused a manifest injustice, and his motion for reconsideration is therefore denied.

**IT IS THEREFORE** on this 1st day of December, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Plaintiff's reconsideration motion (ECF No. 8) is **DENIED**; and it is finally

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and on Plaintiff by regular mail, and shall **CLOSE** the file.

                                            Hon. Karen M. Williams,
                                            United States District Judge